IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>PRECISE BUILDING CORP.,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. 08 C 504<br>Judge Der-Yeghiayan<br>Magistrate Judge Cox |

**DEFENDANT'S ANSWER TO
PLAINTIFFS' COMPLAINT**

Defendant, Precise Building Corp., by its attorneys, hereby Answers Plaintiffs' Complaint, as follows:

**COUNT I**

**PARAGRAPH 1:**

Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

**ANSWER:**

Admitted.

**PARAGRAPH 2:**

Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1332(e)(2), and 28 U.S.C. §1391(a) and (b).

**ANSWER:**

Admitted.

**PARAGRAPH 3:**

The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds have offices, conduct business and administer the plans within this District. Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

**ANSWER:**

Admitted.

**PARAGRAPH 4:**

Defendant Precise Building Corp. (hereinafter "The Company"), is an Illinois corporation in good standing. The Company does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

**ANSWER:**

Admitted.

**PARAGRAPH 5:**

The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company, which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

**ANSWER:**

Admitted.

**PARAGRAPH 6:**

The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advance Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), [the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), and the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), to act as an agent in the collection of contributions due to those funds.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

**PARAGRAPH 7:**

The Agreement obligates the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.

**ANSWER:**

Admitted.

**PARAGRAPH 8:**

The Agreement further obligates the Company to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

**ANSWER:**

Admitted.

**PARAGRAPH 9:**

Notwithstanding the obligations imposed by the Agreement, the Company has:

(a)   failed to report and pay contributions owed to plaintiff Laborers' Pension Fund for the period November 1, 2003 through June 30, 2007, and September 2007 to the present, as reflected in reports by the Funds' auditors (Exhibit B) thereby depriving the Laborers' Pension Fund of contributions, income and information

3

  needed to administer the Fund and Jeopardizing the Pension benefits of the participants and beneficiaries;

(b)  failed to report and pay contributions owed to plaintiff for the period November 1, 2003 through June 30, 2007, and September 2007 to the present, as reflected in reports by the Funds' auditors (Exhibit B) thereby depriving the Welfare fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries; and

(c)  failed to report and pay contributions owed to plaintiff for the period November 1, 2003 through June 30, 2007, and September 2007 to the present, as reflected in reports by the Funds' auditors (Exhibit B) thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)  failed to maintain a surety bond to guarantee the payment of wages, Pension and Welfare contributions.

**ANSWER:**

 a.  Defendant admits that an auditors report was attached to the Complaint. Defendant denies the remaining allegations of subparagraph 9(a).

 b.  Defendant admits that an auditors report was attached to the Complaint. Defendant denies the remaining allegations of subparagraph 9(b).

 c.  Defendant admits that an auditors report was attached to the Complaint. Defendant denies the remaining allegations of subparagraph 9(c).

 d.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of subparagraph 9(d).

**PARAGRAPH 10:**

 Despite demand duly made, the Company has not paid the required contributions or other sums due.

**ANSWER:**

Defendant admits that Plaintiffs have made a demand, but denies that the contributions alleged are due and owing.

**PARAGRAPH 11:**

All conditions precedent to requiring contributions and reports to the Funds have been met.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

**PARAGRAPH 12:**

The Company's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER:**

Denied.

**PARAGRAPH 13:**

Pursuant to Section 50-2(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of the Funds' Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**

Denied.

## COUNT II

**PARAGRAPH 14:**

Plaintiff [sic] realleges paragraphs 1 through 8 of Count I.

**ANSWER:**

Defendant realleges and incorporates by reference herein its responses to Paragraphs 1 through 8 of Count I.

**PARAGRAPH 15:**

Pursuant to the Agreement, the Funds have been duly designated to serve as collection agents for the Union and the Funds have been given the authority to collect from employers union dues which should have been and/or have been deducted from the wages of covered employees.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

**PARAGRAPH 16:**

Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or to report and forward the union dues that were deducted or should have been deducted from the wages of employees for the period from November 1, 2003 through June 30, 2007, thereby depriving the Union of income.

**ANSWER:**

Denied.

**PARAGRAPH 17:**

Pursuant to the Agreement, the Company is liable to the Fund for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:**

Denied.

**PARAGRAPH 18:**

The Company's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. §185(a).

**ANSWER:**

Denied.

WHEREFORE, Defendant prays that Plaintiffs' Complaint be dismissed and it be awarded its costs, attorneys' fees, and other relief which the Court deems fit.

Dated: February 29, 2008                          PRECISE BUILDING CORP.

                                                  By:  /s/ Robert H. Brown
                                                       Robert H. Brown

Robert H. Brown (00319120)
rbrown@lanermuchin.com
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

## CERTIFICATE OF SERVICE

I certify that on February 29, 2008, I caused to be served via the Court's electronic filing system the foregoing Answer to the Complaint on all parties of record.

                                  Wesley G. Kennedy, Esq.
                                  kennedy@ask-attorneys.com
                                  Karen I. Engelhardt, Esq.
                                  kie@ask-attorneys.com
                                  N. Elizabeth Reynolds, Esq.
                                  Reynolds@ask-attorneys.com
                                  Allison, Slutsky & Kennedy, P.C.
                                  230 West Monroe Street
                                  Chicago, IL 60606

                                          /s/ Robert H. Brown
                                          Robert H. Brown