IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 504 |
| | ) | |
| PRECISE BUILDING CORP. | ) | Judge Der-Yeghiayan |
| | ) | |
| Defendant. | ) | Magistrate Judge Cox |

**JOINT INITIAL STATUS REPORT**

Pursuant to Judge Der-Yeghiayan's case management procedures, the parties hereby submit their Joint Initial Status Report.

**1.   Nature of claims and counterclaims**

Count I of the Complaint alleges that, pursuant to a collective bargaining agreement ("Agreement," Exhibit "A" to the Complaint), Defendant is obligated to submit monthly reports to Plaintiffs and to pay contributions to Plaintiffs based on Laborers work done by its employees. Plaintiffs contend that Defendant failed to fully report and submit contributions due for three employees who they contend performed Laborers work for the period November 1, 2003 through June 30, 2007, and September 2007 through the present. Count I of the Complaint also alleges that Defendant has not maintained a bond to secure its contribution obligations as required by the Agreement.

Count II alleges that Defendant has failed to fully report and submit dues to the Laborers' District Council of Chicago and Vicinity for the three employees who Plaintiffs contend performed Laborers work, as required by the Agreement, and that Plaintiffs seek these dues as the designated collections agents.

**2.    Relief sought by plaintiffs**

Plaintiffs seek a judgment for the amount of delinquent contributions, plus interest, late fees, audit fees, attorneys' fees and costs, pursuant to the Agreement, and further seek an order that Defendant obtain and maintain a bond to secure these contributions.

**3.    Names of parties not served**

The only defendant in this case, Precise Building Corporation, was served on February 14, 2008 (see, Return of Service [Docket No. 10]).

**4.    Principal legal issues**

There are no disputed legal issues in this case.

**5.    Principal factual issues**

At issue are: (1) whether two of the individuals identified in an audit report (attached to the Complaint as Exhibit "B") performed covered Laborers work; and (2) whether Defendant maintains a bond to guarantee contributions to Plaintiffs.  As for (1), if the individuals did perform covered work, Defendant agrees contributions are due; if they did not perform covered work, Plaintiffs agree contributions are not due.  As for (2), Defendant is investigating whether it has such a bond, and agrees that it is obligated to maintain such a bond under the Agreement.

**6.    List of pending motions and brief summary of bases for motions**

There are no pending motions.

**7.    Description of discovery requested and exchanged**

No discovery has been requested or exchanged.

**8.    Type of discovery needed**

The parties expect that the factual issues will be resolved through Plaintiffs' ongoing investigation. In the unlikely event that this is unsuccessful, Plaintiffs would need a limited number of interrogatories, requests to admit and requests to produce to narrow the issues. If Defendant's responses do not narrow the issues, Plaintiffs would need to depose a company representative. Plaintiffs would also need to depose the two individuals whose work histories are at issue.

Defendants would require basic written discovery and, potentially, one deposition.

**9.    Proposed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order**

The parties do not anticipate expert discovery. The parties agree to the following dates:

- Rule 26(a)(1) disclosures due by April 25, 2008.

- Fact discovery noticed to be completed by June 25, 2008.

- Dispositive motions due by July 25, 2008.

- Final pretrial order to be filed by September 25, 2008.

**10.    Estimation of when the case will be ready for trial**

The case will be ready for trial any time after the filing of the final pretrial order.

**11.    Probable length of trial**

One day.

**12.    Whether a request has been made for a jury trial**

No.

13. **Whether there have been settlement discussions and if so the outcome of those discussions**

Yes. Discussions are ongoing. Plaintiffs are undertaking additional investigation. The parties are hopeful that the case may be settled following that investigation.

14. **Whether the parties consent to proceed before a Magistrate Judge**

The parties consent to proceed before a Magistrate Judge.


/s/ Josiah A. Groff                          /s/ Robert H. Brown
On behalf of Plaintiffs                      On behalf of Defendant

Josiah A. Groff                              Robert H. Brown
Karen I. Engelhardt                          Laner, Muchin
Allison, Slutsky & Kennedy, P.C.             515 North State
230 West Monroe                              Suite 2800
Suite 2600                                   Chicago, Illinois 60610
Chicago, Illinois 60606                      (312) 467-9800
(312) 364-9400

March 24, 2008